IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO SMITH,

        Petitioner,                No. CIV S-11-1522 GGH P

   vs.

M. MARTELL, Warden,

        Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner challenges the governor's reversal of the 2009 Board of Parole Hearings (BPH) decision finding petitioner suitable for parole at his seventh parole hearing.  Petition, p. 5.  Petitioner was sentenced to a term of 15-years-to-life plus seven years, having been convicted of second degree murder and false imprisonment with a gun enhancement in March of 1984.  Id. at 1.  Petitioner raises two grounds in his challenge: 1) governor's use of "stricken" material to conclude petitioner poses an unreasonable risk, reversing the BPH parole grant, violated both petitioner's state and federal constitutional procedural and due process rights; and 2) the facts of the

////

////

1

commitment offense do [not] constitute "some evidence" of current dangerous[ness].[1] Id. at 5.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___U.S.___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, 131 S. Ct. at 862.

Citing Greenholtz,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Id.

---

[1] Petitioner actually said that the facts of the commitment offense "does [sic]"constitute "some evidence" of current dangerousness but this was obviously a typographical error.

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout, 131 S. Ct. at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.

In a recent decision, Styre v. Adams, ___F.3d ___, 2011 WL 2176465 (9th Cir. June 6, 2011), in light of Swarthout, the Ninth Circuit held that the governor did not have to hold a second parole suitability hearing after reversing a BPH grant of parole, as petitioner was allowed to be heard at initial BPH hearing. The Ninth Circuit also noted that "there is no Supreme Court precedent holding that a state governor must conduct a second parole hearing before reversing a parole board's favorable decision...." Styre, 2011 WL 2176465 * 2. Under the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted "unless the state's adjudication of a federal claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," thus, precluding petitioner's claim. Id., quoting 28 U.S.C. § 2254(d)(1).

Petitioner does not dispute that he was accorded due process at the BPH hearing; i.e., he was evidently "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862; Styre, 2011 WL 2176465 *1. Instead, he

3

argues against the efficacy of the evidence the governor allegedly relied on in reversing the finding of suitability, which followed the grant of parole that had been reviewed by an en banc BPH panel, and he contends that the commitment offense did not constitute "some evidence" of dangerousness. Both of petitioner's claims seek to challenge the evidence weighed by the governor, i.e., he seeks a merits review which is an avenue foreclosed to him by the Supreme Court in <u>Swarthout</u> and by the Ninth Circuit in <u>Styre</u>. There being no apparent basis on which petitioner could proceed, this court must recommend dismissal of the petition.

Accordingly, IT IS ORDERED that a district judge assignment be made for this case.

IT IS RECOMMENDED that the petition be dismissed.

A certificate of appealability (COA) may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The undersigned recommends that no COA be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2011                              /s/ Gregory G. Hollows

                                                  _____
                                                  GREGORY G. HOLLOWS
                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
smit1522.scr